IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: ) | |
| ) | Chapter 13 |
| NORMAN ABBOTT, *et al.*, ) | Case No. 07-33454 |
| ) | |
| Debtors. ) | |
| ) | |
| NORMAN ABBOTT and ) | |
| DINAH ABBOTT, ) | |
| ) | |
| Appellants, ) | Civil Action No. 3:08CV086-HEH |
| ) | |
| v. ) | |
| ) | |
| ROBERT HYMAN, Trustee, *et al.*, ) | |
| ) | |
| Appellees. ) | |

**MEMORANDUM OPINION**
(Affirming Order of the Bankruptcy Court)

This matter is before the Court on an appeal from the decision of the Bankruptcy Court denying confirmation of Appellants' Chapter 13 plan and dismissing Appellants' case with prejudice. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated herein, the decision of the Bankruptcy Court is affirmed.

1

## I. Background

Appellants Norman and Dinah Abbott, proceeding *pro se*, filed a voluntary petition in bankruptcy, pursuant to Chapter 13 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of Virginia on September 20, 2007.

On October 12, 2007, the Abbotts filed a proposed plan with the Bankruptcy Court. At a hearing on December 5, 2007, the Bankruptcy Court advised the Abbotts that the plan could not be confirmed as filed and provided them with an opportunity to amend it. Specifically, the proposed plan provided for no payments into or out of the plan by the Abbotts. At that time, Mr. Abbott[1] testified that the claims by his secured mortgage creditors had been fully paid, but provided no proper evidence to support his contention. Further, Mr. Abbott testified that he and his wife did not legally owe these secured debts and therefore, in his view, an amended plan did not need to be proposed. An amended plan was never filed.

On January 11, 2008, the Bankruptcy Court denied confirmation of the Abbotts' plan, found the case to be filed in bad faith, and dismissed the case with prejudice, enjoining them from filing for bankruptcy for a period of 180 days. The Bankruptcy Court relied upon numerous statutory duties that had not been met by the debtors and their refusal to file a confirmable plan.

The debtors filed a notice of appeal on January 17, 2008 and Mr. Abbott proceeded

---

[1] Mr. Abbott has signed several of his filings with the name "Shapat Ahdawan Nabaya." Nonetheless, the Court will refer to him by the name with which he filed this action.

to file a variety of documents with the Court.[2] Among these documents was an "Affidavit of Truth," filed February 11, 2008, in which Mr. Abbott copied provisions of "The Unitted [sic] States Constitution" and alleged that he was a "de jure organic government," allowing him to have his case decided solely by the United States Supreme Court.[3] Shortly thereafter, Mr. Abbott filed a "Summary Judgment Motion," which was based on the Appellees' failure to respond to his prior filings.[4]

On February 27, 2008, Mr. Abbott filed a one paragraph document with the Court labeled as a "Brief." This short document purported to "put the court on notice of a Title 18 USC 4 violation." Mr. Abbott has subsequently filed numerous other similar documents with the Court, including an "Objection to Venue" and an "Order."

---

[2] Although all filings have only been signed by Norman Abbott or "Shapat Ahdawan Nabaya," the Court presumes that they were made on behalf of Dinah Abbott as well.

[3] Although this document was formatted as a letter to Chief Judge Spencer, this Court will liberally construe it given Appellant's *pro se* status. Also included in this filing were a UCC financing statement and paperwork purporting to establish Mr. Abbott's status as an "Absolute Sovereign." Included within this paperwork was another "Affidavit of Truth," in which Mr. Abbott further discusses his sovereign status, noting that "I am not in any jurisdiction, for I am not of subject status," and purporting to reject or revoke any and all actions, such as the use of currency, a bank account, or Social Security number, which would subject him to jurisdiction in the United States. Mr. Abbott further alleges that "[t]here are some immature people with mental imbalances, such as the [sic] craving to dominate other people, who masquerade as 'government.'" Because of these "game[s] of semantics," Mr. Abbott states that "be it known to all courts and all parties, that if I have ever signed any document or spoken any words on record, using words defined by twists in the law books different from common usage, there can be no effect whatsoever on my Washitaw M'urish Sovereign status in society thereby, nor can there be created any obligation to perform in any manner, by the mere use of such words."

[4] Mr. Abbott did not serve this or any of his prior filings on Appellees.

## II. Standard of Review

On appeal, this Court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. This Court "review[s] the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error." *In re Hartford Sands Inc.*, 372 F.3d 637, 639 (4th Cir. 2004); *see also* Fed. R. Bankr. P. 8013. Additionally, "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013. In cases where the issues present mixed questions of law and fact, the court will apply the clearly erroneous standard to the factual portion of the inquiry and *de novo* review to the legal conclusions derived from those facts. *Gilbane Bldg. Co. v. Fed. Reserve Bank*, 80 F.3d 895, 905 (4th Cir. 1996).

## III. Analysis

### A. Denying Confirmation of the Abbotts' Plan

The Bankruptcy Code requires a debtor's plan to "compl[y] with the provisions of [Chapter 13] and with the other applicable provisions of this title." 11 U.S.C. § 1325(a)(1). In this case, the Bankruptcy Judge found that the Abbotts' plan was not confirmable because it was "not properly filled out and completed and proposed no payments into the plan and no distributions to any of debtor's creditors," nor did it comply with local bankruptcy rules. Despite warnings about these inadequacies, the Abbotts did not file an amended plan. Given the deficiencies noted by the lower court,

4

denying confirmation of the proposed plan was clearly appropriate.

## B. Dismissal of the Abbotts' Case

A court may dismiss or convert a case for cause, including denial of plan confirmation, failure to timely file requisite information, or for "failure of the debtor to file a tax return." *See* 11 U.S.C. § 1307(c), (e). In determining whether to dismiss a case, "courts have applied a 'good faith' standard to [C]hapter 13 filings" examining the totality of the circumstances. *In re Maroney*, 330 B.R. 527, 531 (Bankr. E.D. Va. 2005).

Further, a court may "take appropriate action in response to fraudulent conduct by the atypical litigant who has demonstrated that he is not entitled to the relief available to the typical debtor." *Marrama v. Citizens Bank of Mass.*, 127 S. Ct. 1105, 1111 (2007). Indeed, bankruptcy judges have broad authority to "take any action that is necessary or appropriate 'to prevent an abuse of process' described in § 105(a) of the Code." *Id.* at 1111–12.

Key to the Bankruptcy Court's dismissal of the Abbotts' case was its finding of bad faith. This determination is a finding of fact subject to review for clear error. *See Carolin Corp. v. Miller*, 886 F.2d 693, 702 (4th Cir. 1989); *see also In re Solomon*, 67 F.3d 1128, 1134 (4th Cir. 1995) (noting that "triers of fact in bankruptcy cases [] review the good faith with which individual debtors attempt to invoke Chapter 13 protections").

The Abbotts failed, and often refused, to comply with their statutorily mandated obligations, such as failing to supply their most recent tax return, failing to file an

accurate and complete schedule of debts, and failing to file a statement of financial affairs. Mr. Abbott's unsubstantiated testimony that he had fully paid all debts and that he did not legally owe them further support a decision to dismiss the case. Accordingly, the Court finds that the Abbotts' actions constituted sufficient grounds for the Bankruptcy Court to dismiss their case.

### C. Mr. Abbott's Filings with This Court

After reviewing all of Mr. Abbott's numerous filings, the Court is unable to discern any cognizable error in the Bankruptcy Court's ruling that pertains to that court's decision to deny confirmation of Appellants' plan or the decision to dismiss their case. In fact, Mr. Abbott's arguments appear to further support the Bankruptcy Court's finding of bad faith. For example, Mr. Abbott filed a "Summary Judgment Motion" based on Appellees' failure to respond to his appeal. Mr. Abbott ignores, however, that he had not served any of his previous filings on Appellees, as required by Rule 8009(a)(1).[5] The failure to provide adequate service clearly presents sufficient explanation for Appellees' inaction. Accordingly, this "motion" lacks merit and is denied.

Mr. Abbott also raises a number of arguments questioning the integrity and competency of the Bankruptcy Judge and Eric White, the attorney for American Home

---

[5] Indeed, Appellees argue that this appeal should be dismissed for this and other violations of the Federal Rules of Bankruptcy Procedure. Examining all of the factors outlined by the Fourth Circuit in *In re Serra Builders, Inc.*, 970 F.2d 1309 (4th Cir. 1992), however, does not convince the Court that a dismissal on these procedural grounds is appropriate, given the availability of a dismissal on the merits.

Mortgage Servicing, Inc. For example, in his "Brief," Mr. Abbott states that Mr. White is "conspiring to commit fraud" and therefore, he seeks a "warrant for the arrest of Mr. White." In his "Objection to Venue," Mr. Abbott sharply criticizes the Bankruptcy Judge and claims that the Judge's "[t]reasonous acts clearly support[] his disregard for the law, his oath, and the public who are at risk."[6] Clearly, such baseless attacks are inappropriate for purposes of this appeal and further support the Bankruptcy Court's finding that the Abbotts acted in bad faith.

Mr. Abbott also objects to this Court's jurisdiction on the grounds that he is "a sovereign Moorish American exercising his sovereign rights," requiring review solely by the United States Supreme Court. This argument ignores the fact that the Abbotts voluntarily submitted to the jurisdiction of the Bankruptcy Court by submitting their Chapter 13 petition. *See In re Collins*, 173 F.3d 924, 929 (4th Cir. 1999) (noting that "[o]nce a bankruptcy petition is filed, the bankruptcy court has jurisdiction over the case"); *see also Gardner v. New Jersey*, 329 U.S. 565, 573 (1947) (stating that "[i]t is traditional bankruptcy law that he who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide the consequences of that procedure"). Further, appeals to the Supreme Court following the commencement of bankruptcy proceedings must follow the procedures outlined by 28 U.S.C. § 1254, which have not yet been met in this case.

---

[6] Appellees also point out that Mr. Abbott has filed civil suits against many of the individuals involved in these proceedings, including the Bankruptcy Judge.

## IV. Conclusion

The Abbotts' conduct indicates a motive to harass and cause unnecessary delay, and Mr. Abbott's claimed errors clearly lack merit. Therefore, for the foregoing reasons, the Court affirms the decision of the Bankruptcy Court.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: March 25, 2008
Richmond, VA